2013V01012
PWG/gfr

PAUL J. FISHMAN
United States Attorney
PETER W. GAETA
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
(973) 645-2927

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Hon. |
| -v- | : | |
|  | : | VERIFIED COMPLAINT FOR |
|  | : | FORFEITURE *IN REM* |
| ONE RGW 60 ROCKET LAUNCHER, ONE RGW 90 ROCKET LAUNCHER, ONE CARL GUSTAV M2 84mm RECOILLESS RIFLE, ONE NATO 60mm TRAINING ROUND, and ONE PROPELLANT TUBE, | : | |
| Defendants *in rem*. | | |

Plaintiff, United States of America, by its attorney, Paul J. Fishman, United States Attorney for the District of New Jersey, by Peter W. Gaeta, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is a civil forfeiture *in rem* action to forfeit and condemn to the use and benefit of the United States of America the following property: one RGW 60 rocket launcher, one RGW 90 rocket launcher, one Carl Gustav M2 84mm recoilless rifle, one NATO 60mm training round, and one propellant tube, (collectively, the "defendant properties") pursuant to Title 18 United States Code, Section 545, Title 19, United States Code, Sections 1595a(c)(1)(A) and a(c)(2)(B), and Title 27, Code of Federal Regulations, Section 447.63.

## THE DEFENDANTS *IN REM*

2. The defendant properties consist of one RGW 60 rocket launcher, one RGW 90 rocket launcher, one Carl Gustav M2 84mm recoilless rifle, one NATO 60mm training round, and one propellant tube which was seized from the United States Postal Service, New Jersey Network Distribution Center in Jersey City, New Jersey, on or about December 13, 2010. The defendant properties are presently in the custody of the United States.

## JURISDICTION AND VENUE

3. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant properties. This Court has jurisdiction over an action commenced by the United States under Title 28, United States Code, Section 1345, and over an action for forfeiture under Title 28, United States Code, Section 1355(a).

2

4.  This Court has in rem jurisdiction over the defendant properties under Title 28, United States Code, Section 1355(b)(1), because the acts or omissions giving rise to forfeiture occurred in the District of New Jersey. Upon the filing of this complaint, the plaintiff requests that the Clerk of the Court issue a Warrant for Arrest *In Rem* pursuant to Supplemental Rule G(3)(b)(i), which the plaintiff will execute upon the defendant property pursuant to Title 28, United States Code, Section 1355(d) and Supplemental Rule G(3)(c).

5.  Venue is proper in this district pursuant to Title 28, United States Code, Section 1355(b)(1) and Title 28, United States Code, Section 1395 because the defendant properties are located in the District of New Jersey.

## BASIS FOR FORFEITURE

6.  The defendant properties are subject to forfeiture pursuant to: Title 18, United States Code, Section 545, which subjects to forfeiture any merchandise any person fraudulently or knowingly imports or brings into the United States, any merchandise contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law in violation of Title 18, United States Code, Section 545; Title 19, United States Code, Section 1595a(c)(1)(A) which states that merchandise which is introduced or attempted to be introduced into the United States contrary to law shall be forfeited if it is stolen, smuggled, or clandestinely imported or introduced; Title 19, United

3

States Code, Section 1595a(c)(2)(B) if its importation or entry requires a license, permit or other authorization of an agency of the United States Government and the merchandise is not accompanied by such license, permit or authorization; Title 27, Code of Federal Regulations, Section 447.63, which provides in pertinent part that "whoever knowingly imports into the United States contrary to law any article on the U.S. Munitions Import List; or receives, conceals, buys, sells, or in any manner facilitates its transportation, concealment, or sale after importation, knowing the same to have been imported contrary to law . . . the merchandise so imported, or the value thereof shall be forfeited to the United States."

## FACTS OF THE CASE

7. On or about November 10, 2010, the defendant properties arrived at the New Jersey Network Distribution Center in Jersey City, New Jersey, via Weltpaket (DHL), from Germany. The Air waybill indicated that there were three (3) items contained in the shipment, the defendant properties were identified as "Dekomaterial," and declared the value of the defendant properties totaled 250 Euros (or $348.61 United States currency). The Air waybill indicated that the defendant properties were being sent to Benjamin Oei in Sugar Land, Texas.

8. At ports of entry U.S. Customs and Border Protection ("CBP") review value and quantity information provided by an importer for the purpose of determining, among other things, the admissibility of the imported

4

merchandise, the importer's liability for duties, and accurate statistics with respect to the merchandise.

9. On or about November 10, 2010, the United States Postal Service personnel at the New Jersey Network Distribution Center in Jersey City, New Jersey, advised CBP that there appeared to be a rocket launcher protruding out of a parcel located at their inbound loading dock.

10. Upon discovery of the defendant properties and two instructional manuals, CBP personnel detained the property and requested assistance from the Bureau of Alcohol Tobacco Firearms and Explosives ("ATF") in determining the admissibility of the defendant properties.

11. CBP Import Specialists appraised the defendant properties and the two instructional manuals, and determined that the domestic value was $28,472.00.

12. On or about November 23, 2010, the Firearms Technology Branch and Explosives Technology Branch of ATF informed CBP that the defendant properties constituted articles on the U.S. Munitions Import List, and thus required a license and/or permit to be imported into the United States. In particular, ATF informed CBP that in order to lawfully import the rocket launchers into the United States, the launchers must be crushed and the importer would need an approved Application and Permit for Importation of Firearms, Ammunition and Implementations of War (ATF Form 6).

13. With respect to the recoilless rifle, ATF determined that the weapon had not been properly de-milled. Indeed, "in addition to welded bars [at] both ends, it would also require[] a hole equal to its bore diameter to be cut into the high pressure area." Based on the foregoing, ATF concluded that the detained rifle is classified as a destructive device.

14. Although the training round and propellant tube were deemed inert, ATF considered them to be ammunition and an approved ATF Form 6 is required to import them into the United States.

15. On or about December 13, 2010, CBP seized the defendant properties.

16. On or about February 18, 2011, CBP's Office of Fines, Penalties and Forfeitures ("FP&F") served a Notice of Seizure of Property on Benjamin Oei, the importer of record, advising him of his legal options concerning the seizure of the defendant properties.

17. On or about February 4, 2013, FP&F received a letter from Mr. Oei, requesting, through his attorney, that judicial forfeiture proceedings be instituted on his behalf.

## **CLAIM FOR FORFEITURE**

### **COUNT ONE**

18. Incorporated herein and made part hereof are allegations contained in paragraphs 1 through 17 of this Verified Complaint.

19. Title 18, United States Code, Section 545, imposes a criminal penalty on any person who "fraudulently or knowingly imports or brings into the United States, any merchandise contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law." Additionally, Title 18, United States Code, Section 545, subjects to forfeiture "merchandise introduced into the United States in violation of this section."

20. The defendant properties represent merchandise introduced into the United States in violation of this section and are subject to seizure and forfeiture pursuant to Title 18, United States Code, Section 545, which subjects to forfeiture "merchandise introduced into the United States in violation of this section."

21. By reason of the foregoing the defendant properties are subject to forfeiture to the United States in accordance with Title 18, United States Code, Section 545.

WHEREFORE, the United States of America requests that the Clerk of the Court issue a warrant for the arrest and seizure of the defendant property; that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the property; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be

7

awarded its costs and disbursements in this action and for such other and further relief as this Court deems proper and just.

## COUNT TWO

22. Incorporated herein and made part hereof are allegations contained in paragraphs 1 through 21 of this Verified Complaint.

23. Title 19, United States Code, Section 1595a(c)(1)(A) provides in pertinent part that:

> Merchandise which is introduced or attempted to be introduced into the United States contrary to law shall be treated as follows:
>
> (1) The merchandise shall be seized and forfeited if it - -
>
> (A)  is stolen, smuggled, or clandestinely imported or introduced.

24. The importer attempted to clandestinely import or introduce the defendant properties into the United States by listing false information on the waybill in violation of Title 19, United States Code, Sections 1484, and 1485, which set forth the requirements for invoices, entries and declarations that accompany goods imported into the United States and that the importer of record declare under oath that the statements made in entry documents are true and correct.

25. By reason of the foregoing the defendant properties are subject to forfeiture to the United States pursuant to Title 19, United States Code, Section 1595a(c)(1)(A).

8

WHEREFORE, the United States of America requests that the Clerk of the Court issue a warrant for the arrest and seizure of the defendant property; that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the property; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action and for such other and further relief as this Court deems proper and just.

## COUNT THREE

26. Incorporated herein and made part hereof are allegations contained in paragraphs 1 through 25 of this Verified Complaint.

27. Title 19, United States Code, Section 1595a(c)(2)(B) provides in pertinent part that:

> Merchandise which is introduced or attempted to be introduced into the United States contrary to law shall be treated as follows:
>
> (2) The merchandise may be seized and forfeited if - -
>
> (B) its importation or entry requires a license, permit or other authorization of an agency of the United States Government and the merchandise is not accompanied by such license, permit or authorization.

28. Title 27, Code of Federal Regulations, Section 447.41 provides that "[a]rticles on the U.S. Munitions Import List will not be imported into the United States except pursuant to a permit under this subpart."

9

29. Title 27, Code of Federal Regulations, Section 447.61 provides for that it is unlawful for "any person [to] willfully: (1) imports articles on the U.S. Munitions Import List without a permit; (2) engages in the business of importing articles on the U.S. Munitions Import List without registering under this part; or (3) otherwise violates any provisions of this part."

30. The defendant properties constitute articles on the U.S. Munitions Import List which were attempted to be imported without license, permit or other authorization of an agency of the United States Government.

31. By reason of the foregoing the defendant properties are subject to forfeiture to the United States pursuant to Title 19, United States Code, Section 1595a(c)(2)(B).

WHEREFORE, the United States of America requests that the Clerk of the Court issue a warrant for the arrest and seizure of the defendant property; that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the property; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action and for such other and further relief as this Court deems proper and just.

### COUNT FOUR

32. Incorporated herein and made part hereof are allegations contained in paragraphs 1 through 31 of this Verified Complaint.

33. Title 27, Code of Federal Regulations, Section 447.63 provides in pertinent part that "whoever knowingly imports into the United States contrary to law any article on the U.S. Munitions Import List; or receives, conceals, buys, sells, or in any manner facilitates its transportation, concealment, or sale after importation, knowing the same to have been imported contrary to law . . . the merchandise so imported, or the value thereof shall be forfeited to the United States."

34. The defendant properties constituted articles on the U.S. Munitions Import List and were attempted to be imported into the United States contrary to law.

35. By reason of the foregoing the defendant properties are subject to forfeiture to the United States pursuant to are Title 27, Code of Federal Regulations, Section 447.63

WHEREFORE, the United States of America requests that the Clerk of the Court issue a warrant for the arrest and seizure of the defendant property; that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the property; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action and for such other and

11

further relief as this Court deems proper and just.

          PAUL J. FISHMAN
          United States Attorney

          s/ *Peter W. Gaeta*

          By: PETER W. GAETA
          Assistant United States Attorney
          Asset Forfeiture Coordinator

Dated: May 3, 2013
       Newark, New Jersey

## **VERIFICATION**

STATE OF NEW JERSEY:

COUNTY OF ESSEX:

I, Lawrence C. O'Boyle, hereby verify and declare under penalty of perjury that I am an Officer with the Department of Homeland Security, U.S. Customs and Border Protection, that I have read the foregoing Verified Complaint for Forfeiture In Rem and know the contents thereof, and that the matters contained in the Verified Complaint for Forfeiture In Rem are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my information and the grounds of my belief include the official files and records of the United States, information supplied to me by other law enforcement officers, and my own investigation of this case.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

By: Lawrence C. O'Boyle
Department of Homeland Security,
U.S. Customs and Border Protection

BE IT REMEMBERED that on this 3rd day of May, 2013, before me, the undersigned witnessing authority, personally appeared Lawrence C. O'Boyle, who is an Officer with the Customs and Border Protection, who I am satisfied is the person who signed the within instrument.

Gail C. Horton
Notary Public

GAIL C HORTON
Notary Public
State of New Jersey
My Commission Expires Oct 19, 2016